UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cr-364-MOC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| CLARENCE ANTWAINE ADAMS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's motion for reduced sentence under Amendment 821 to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2). (Doc. No. 54). The Government opposes Defendant's motion. (Doc. No. 59).

**I. Background**

In November 2019, a federal grand jury indicted Adams and charged him with conspiracy to distribute and to possess with intent to distribute marijuana, 21 U.S.C. § 846; and possessing with intent to distribute marijuana, 21 U.S.C. § 841(a)(1). (Doc. No. 1). Defendant was previously convicted in this Court of possessing with intent to distribute cocaine. (Doc. No. 17 ¶ 54). Defendant was on supervised release for his cocaine offense when he participated in conspiracy charged in this case. (Id.). The Government subsequently filed an information under 21 U.S.C. § 851, notifying Defendant and this Court that it intended to seek an enhanced sentence based on Defendant's prior federal drug-trafficking offense. (Doc. No. 2).

Four months before the indictment in this matter, Defendant was indicted on related charges. (WDNC Case No. 3:19CR210, Doc. No. 7). Defendant entered into a plea agreement with the Government, pleading guilty to both marijuana trafficking offenses in this matter in exchange for the Government's dismissal of the charges in case number 3:19CR210. (Doc. No. 4

1

¶ 2). Under the agreement, the Government also agreed to withdraw its § 851 information with respect to the conspiracy offense, reducing the statutory range for that offense to 5–40 years in prison instead of a 10-year mandatory minimum. (Id. ¶ 5). Defendant also stipulated in the agreement that more than 700 but less than 1,000 kilograms of marijuana were reasonably foreseeable to him.

Based on a total offense level of 32 and criminal history category of III, the probation office's presentence report found that the Sentencing Guidelines advised a sentence of between 151 and 188 months in prison. (Doc. No. 17). The probation office assessed Defendant a two-offense-level increase because he possessed a firearm in connection with the offense, and two additional criminal history points because he committed the offense while on supervised release. (Id.). Defendant faced a statutory maximum of 120 months in prison for his substantive marijuana offense. (Id.).

At sentencing, the Court sustained Defendant's objection to the firearm enhancement, reducing Defendant's guideline range to 121–151 months in prison based on a total offense level of 30 and a criminal history category of III. (Doc. No. 23). The Court sentenced Defendant to 121 months in prison for the conspiracy offense, and a concurrent term of 120 months for the substantive drug-trafficking offense. (Doc. No. 22).

**II. Legal Standard**

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Id. pt. A. Part A adds a new subsection (e) that adds one criminal-history point for any defendant who receives 7 or more points and who committed his offense while under any criminal-justice sentence as described above. Id.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. Id. § 1B1.10(b)(2)(C).

3

### III. Analysis

The Government concedes that Defendant is eligible for a reduction in his sentence. Defendant received two criminal history points because he committed his conspiracy offense while under a criminal justice sentence. Under Amendment 821, he would not receive those criminal history points, because he received fewer than seven criminal history points related to his prior convictions. Without those two criminal history points, Defendant's criminal history category would be reduced from III to II. See U.S.S.G. ch. 5, part A. Consequently, his guideline range, based on a total offense level of 30 and a criminal history category of II, would be reduced to 108 to 135 months in prison. See id. Defendant is therefore eligible for a sentence reduction to 108 months.

Nonetheless, the Government opposes sentence reduction in this case. Considering that Defendant has not committed any disciplinary infractions while in the Bureau of Prisons, the Court disagrees. The sentencing factors of 18 U.S.C. § 3553(a)—especially the nature and circumstances of Defendant's offense conduct, the need for deterrence, and the need to protect the public—a sentence reduction is appropriate in this case. Defendant pleaded guilty to trafficking marijuana, not cocaine. He was not convicted of a firearm offense. And he has already (and will continue to) serve a substantial prison sentence for his transgressions. True, Defendant's history of drug and weapons offenses is troublesome. But given Defendant's clean record while in federal custody, the Court is hopeful that Defendant has been sufficiently deterred from future misconduct. The Court finds that a sentence of 108 months in prison is sufficient but not greater than necessary to accomplish the sentencing objectives articulated by 18 U.S.C. § 3553(a) and will thus grant Defendant's motion for sentence reduction.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's motion to reduce sentence pursuant to USSC Amendment 821, (Doc. No. 54) is **GRANTED**. Defendant's sentence is **HEREBY REDUCED** to 108 months in prison.

Signed: February 12, 2024

Max O. Cogburn Jr
United States District Judge